JAMES A. CROW and JAMES WORLEY, Appellants, v. WILLIAM ABERNATHY, Respondent.

Springfield Court of Appeals, May 5, 1913.

1. **APPEAL AND ERROR: Refusal of Instructions: Conflicting Testimony: Finding of Trial Court Sustained.** Where the instructions refused by the trial court declared or assumed facts concerning which there was conflicting testimony, the appellate court will not disturb the ruling of the trial court, as the finding of the trial court on conflicting evidence is conclusive on the appellate court.

2. **SALES: Delivery of Possession: Evidence Reviewed.** Suit for alleged conversion of lumber. One R conveyed to plaintiff by warranty deed certain land on which said lumber had been piled at various places, but the deed was not recorded for a considerable length of time and R remained in possession of the land and lumber. Defendant claims to have bought the lumber from R and R so testified. Plaintiff contends that the title to the lumber passed to him along with the title to the land

under the warranty deed. The evidence is examined and reviewed and it is *held* that the question as to whether or not the lumber in controversy was a part of the real estate is a mixed question of law and fact; and the trial court having found that the lumber was not a part of the real estate, but was personal property sold by R to plaintiffs, and *yet* having rendered judgment for defendant, the appellate court must conclude that the trial court found that there was no such change of possession as would relieve the transaction between plaintiffs and R from the provisions of Sec. 2887, R. S. 1909, which provides that a sale of goods and chattels shall be void as against subsequent bona fide purchasers unless there is a delivery within a reasonable time; and that defendant purchased the lumber from R and acquired the title thereto as against the plaintiffs.

3. **SALES: Consideration: Sufficiency of.** Where it is agreed that a purchaser shall assume a certain indebtedness of the seller to a third party and third party is released, such agreement constitutes a sufficient consideration for the sale.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*Ernest A. Green* for appellant.

(1) The court erred, as a matter of law, in refusing to give plaintiffs' declaration of law No. 5; the agreement had between W. D. Roberts and the defendant Abernathy, with reference to this lumber, did not in law constitute a sale of said lumber and, therefore, the defendant never did acquire title to the lumber in controversy. Johnson, etc., Co., v. Bank, 116 Mo. 558; Thompson & Co. v. Massey, 76 Mo. App. 197; Greer v. Bank, 128 Mo. 559; Whedon v. Ames, 28 Mo. App. 243. (2) The court erred in its finding for the defendant, and in refusing to give plaintiffs' declaration of law No. 4; under the law the plaintiffs are not barred from maintaining this action by reason of the provisions of Sec. 2887, R. S. 1909, inasmuch as the possession of the real estate on which lumber was located, by the plaintiffs, was a sufficient posses-

sion of the lumber sold, to constitute the possession required under the provisions of Sec. 2887, R. S. 1909, so as to bar the subsequent purchaser of the said lumber. Sec. 2887, R. S. 1909; Hawkins v. Brick Co., 63 Mo. App. 64; Simmons, etc. Co. v. Pfeil, 35 Mo. App. 256; Dillin v. Kincaid, 70 Mo. App. 670; Kendall, etc. v. Bain, 46 Mo. App. 581; State ex rel. v. Hall, 45 Mo. App. 298; Watchell v. Ewing, 82 Mo. App. 594. (3) The court erred in refusing to give plaintiffs' declaration of law No. 2; as a matter of law, the lumber in controversy in this case was conveyed to the plaintiffs, and they became the owners thereof under and by virtue of the general warranty deed offered in evidence, from W. D. Roberts and wife, as grantors, to the plaintiffs, as grantees; said lumber being real property and the title thereto passing under and by virtue of said deed. Rogers v. Crow, 40 Mo. 91; McIlvaine v. Harris, 20 Mo. 457; Cohen v. Kyler, 27 Mo. 122; Life Ins. Co. v. Tillery, 152 Mo. 421.

*Abington & Phillips* for respondent.

(1) If there was any agreement between Roberts and Crow as testified to by the latter that the lumber in controversy should go to Worley and Crow with the land, such prior oral agreement was merged in, and obliterated by the subsequent written contract; that is to say, the deed conveying the real estate. Parsons v. Kelso, 141 Mo. App. 369; Kriling v. Cramer, 152 Mo. App. 431; Birdsall v. Coon, 157 Mo. App. 439; Berberet v. Meyers, 144 S. W. 824. (2) The lumber in controversy lying as it did scattered about over the Roberts farm was personal property and did not pass to appellants by the deed conveying the real estate, and hence the court erred in appellant's favor in giving declaration of law number 3. 13 Cyc. 641-2. (3) There was no sale of the lumber from Roberts to Crow and Worley. There was no agreement as to

amount or kind of lumber and no agreement as to price; and hence, no sale. Tiffany on Sales, p. 1; Greer v. Bank, 128 Mo. 201; Whedon v. Ames, 28 Mo. App. 243. (4) The transfer of the lumber from Roberts to Abernathy constituted a valid and binding sale of the property. Hackley v. Cooksey, 35 Mo. 398; 35 Cyc. 47-8. (5) Roberts was in possession of the lumber at the time of the sale to respondent and if the lumber had been previously sold to appellants that sale was void as to respondent. R. S. 1899, sec. 3410.

ROBERTSON, P. J.—By warranty deed dated October 28, 1910, one Roberts and his wife conveyed to plaintiffs one hundred and sixty acres of farm land in Butler county for the expressed consideration of $4500 and $2600 in incumbrances to be paid by the said plaintiffs.

At and prior to the time this deed was executed the grantor had lumber at various places on his farm; some of it under cotton that was piled up out in the field, some piled in or about a hay shed in a field where baled hay was stacked, and some scattered around at various other places on the farm.

One of the plaintiffs says that when he was negotiating with Roberts for the purchase of the farm that he said to him that it was his (plaintiff's) understanding that this lumber should go with the farm, to which Roberts assented. Roberts says that he had no such conversation but he claims to have sold the lumber to the defendant, and the defendant maintains his defense on the theory of such purchase. The plaintiffs did not record the deed conveying the land to them for some time after the sale was made and there is testimony tending to prove that the former owner, Roberts, remained in apparent possession of both the land and lumber.

Soon after the land was purchased by plaintiffs the defendant hauled some of the lumber off of the

Crow v. Abernathy.

farm to his own place of residence, about one-half of a mile therefrom, and claims to have taken none of it that was about the hay shed or the cotton. The defendant, according to his testimony and the testimony of Roberts and a merchant, purchased the lumber from Roberts and paid for it by having the merchant, to whom Roberts was indebted, agree to credit Roberts and charge defendant for the purchase price thereof. The credit and charge was not actually made on the books of the merchant but the agreements were such between these parties as would necessarily relieve Roberts from his obligation to the merchant and bind the defendant to pay the merchant, thus constituting a sufficient consideration for a sale by Roberts to the defendant.

As soon as one of the plaintiffs ascertained that the defendant had hauled the lumber away, he had a conversation over the telephone with defendant about it, which he relates as follows:

"Q. What did he say? A. He said I could have the lumber if I would go and haul it back.

"Q. Said you could have the lumber if you would go and haul it back? A. I told him I didn't haul it away, didn't intend to haul it back.

"Q. Did he refuse to pay for it? A. Yes, sir."

And thereupon this suit, in which plaintiffs seek to recover for the alleged conversion of the lumber, was instituted in a justice of the peace court on December 5, 1910, alleging the value of the lumber to be $32.05. Plaintiffs lost in the justice's court, they appealed to and lost in the circuit court, and have appealed to this court, and now present to us for review a record consisting of 114 printed pages; all of which could have been avoided and compromised by the plaintiffs' hauling the lumber involved, 227 pieces, back to their farm, a distance of only half a mile.

At the close of all of the testimony, the plaintiffs requested several declarations in which the court was

asked to declare the law to be (1) that under all of the evidence the finding and judgment of the court should be for the plaintiffs; (2) that the lumber in controversy was conveyed to plaintiffs and that they became the owners thereof under and by virtue of a warranty deed from Roberts to the plaintiffs and that said lumber being real property the title thereto passed under and by virtue of said deed; (4) that the plaintiffs are not barred from maintaining their action by reason of the provision of section 2887, Revised Statutes 1909, inasmuch as the possession of the real estate on which the lumber was located by plaintiffs was a sufficient possession of the lumber sold to constitute the possession required under the provisions of said section so as to bar the subsequent purchaser of the lumber; and (5) that the agreement between Roberts and the defendant did not in law constitute a sale of the lumber and that therefore the defendant never did acquire title to the lumber from Roberts. All of which the court refused.

The plaintiffs, however, asked and were given what is termed declaration of law No. 3, as follows: "The court declares the law to be, that under the testimony in case, that the lumber in controversy in this case was sold as personal property by W. D. Roberts to the plaintiffs, on October 28, 1910."

Thereupon the court rendered and entered its judgment for the defendant and the plaintiffs have appealed to this court.

All of these questions upon which the appellants requested and were refused declarations of law were those which declared or assumed facts upon which there was conflicting testimony and therefore upon which no question can now be raised as the findings of the court thereon are conclusive upon us.

The question as to whether or not the lumber in controversy was a part of the real estate is necessarily in this case a mixed question of law and fact. It is,

however, apparent from the so-called declaration of law numbered three that the court found that the lumber was not a part of the real estate but was personal property and was sold by Roberts to the plaintiffs. Accepting this as the finding of the court, we must then conclude that the court found that there was no such change of possession as would relieve the transaction between the plaintiffs and Roberts from the provisions of section 2887, Revised Statutes 1909, that the defendant purchased the lumber from Roberts and acquired the title thereto as against the plaintiffs; and, as in reaching this conclusion, the court had sufficient testimony on which to base it, we are unable to disturb the finding in that regard. We are of the opinion that there was no error committed in the trial of this case and that we are not justified in setting aside the finding of the trial judge. The judgment is affirmed. All concur.